IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 06-350 |
| | ) |
| KYLE ANDREW CARNEY | ) |

MEMORANDUM AND ORDER OF COURT

Defendant Kyle Andrew Carney ("defendant") was charged in a one count indictment with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §2252(a)(4)(B). On October 13, 2006, defendant was arraigned and Magistrate Judge Caiazza held a detention hearing on that same date.

Magistrate Judge Caiazza entered an order setting conditions of release as to defendant. Pursuant to the release order, defendant was placed on home detention and he was required, <u>inter alia</u>, to report to pretrial services as directed, to comply with various conditions related to medical and psychiatric treatment and substance abuse testing and treatment, to refrain from having contact with minors unless supervised, and to refrain from accessing or operating a computer or portable device with access to the internet. The release order provided that U.S. Pretrial Services may conduct unannounced searches of defendant's person, vehicle and residence to ensure compliance with the provision related to computer and internet access. According to the transcript of the detention hearing, the parties reached agreement

AO 72
(Rev. 8/82)

concerning the conditions of release, with the exception of the unannounced search condition. Magistrate Judge Caiazza noted defendant's objection to the unannounced search condition, but advised that it would remain a condition of his pretrial release subject to a determination by the district court.

On October 25, 2006, defendant filed a motion to vacate the condition of his bond that permits Pretrial Services to conduct unannounced searches of his person, vehicle and residence (Document No. 23). Relying heavily on United States v. Scott, 450 F.3d 863 (9th Cir. 2006), defendant argues that the unannounced search condition is unconstitutional under the Fourth Amendment. Defendant also argues that he has a right under the Bail Reform Act to be released subject to the least restrictive conditions that will reasonably assure his appearance as required and the safety of any person and the community. According to defendant, the record in this case does not establish that the unannounced search condition is the least restrictive condition that satisfies the requirements of the Bail Reform Act.

The government filed an opposition to defendant's motion to vacate the unannounced search condition (Document No. 25). The government asserts that the prohibitions upon the use of the computer and internet are not self-executing, thus the search condition is reasonably necessary to assure compliance with the order and to protect the community. According to the government, there is a specialized need for a search condition related to computer use for child pornography defendants because

technological advances have made it increasingly easier to access illicit material on the internet.

Pursuant to 18 U.S.C. §3142(b), a defendant shall be released on his personal recognizance, or upon execution of an unsecured appearance bond in an amount set by the court, subject to the condition that he not commit another federal, state or local crime while released, unless a judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. If the judicial officer determines that the release described in §3142(b) will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the pretrial release of the person shall be ordered subject to the least restrictive condition or combination of conditions that will reasonably assure the person's appearance and the safety of any other person and the community. 18 U.S.C. §§3142(c)(A) and (B).

At issue in this case is a condition supposedly designed to assure the safety of other persons and the community. Despite the government's apparent concern that defendant may present a danger to other persons and/or the community, neither the detention hearing transcript nor the government's opposition to defendant's motion to vacate identifies any specific danger that this defendant poses to others or to the community. In its opposition brief, the government cites a general concern that technological advances have made it increasingly easier to access illicit

material on the internet, and therefore a search condition related to computer use for child pornography defendants is necessary because of the relative ease of access. However, this does not satisfy the Bail Reform Act's requirement that a defendant shall be released subject to the least restrictive condition or combination of conditions that will reasonably assure his appearance as required and the safety of any other person and the community.

The court finds that the conditions of defendant's pretrial release which preclude him from having contact with minors unless supervised and prohibit him from accessing or operating a computer or other electronic device with access to the internet are the least restrictive combination of conditions that will reasonably assure the safety of any other person and the community. There is no indication in the record before this court that any other condition is required to assure the safety of other persons and the community. Accordingly, this court finds that the unannounced search condition of defendant's bond must be vacated.[1] An appropriate order will follow.

---

[1] This court's ruling is based on the Bail Reform Act's requirement that a judicial officer shall order the pretrial release of a person subject to the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. §3142(c)(B). The court makes no ruling concerning defendant's argument that the unannounced search condition is unconstitutional under the Fourth Amendment.

<u>O R D E R</u>

AND NOW, this 7th day of November, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion to vacate condition of bond (Document No. 23) be, and the same hereby is, granted. It further is ordered that the condition of defendant's bond which permits U.S. Pretrial Services to conduct unannounced searches of defendant's person, vehicle and residence is vacated. All other terms and conditions of defendant's bond shall remain in effect.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Soo C. Song
    Assistant U.S. Attorney

    Marketa Sims
    Assistant Fed.Pub. Defender

    United States Pretrial Services